**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WALTER KINARD,

    Plaintiff,

    v.                              CIVIL ACTION NO. 2:09-CV-14759
                                    HONORABLE ARTHUR J. TARNOW
                                    UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER, et. al.

    Defendants,

_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

This matter is before the Court on Plaintiff Walter James Kinard's *pro se* civil rights complaint filed on August 14, 2009 with the United States District Court for the Western District of Michigan. Plaintiff also filed an "Application to Proceed Without Prepayment of Fees and Costs." This matter was transferred to the United States District Court for the Eastern District of Michigan on December 4, 2009. For the reasons stated below, the Court will summarily dismiss plaintiff's complaint without prejudice.

On December 22, 2009, an order to show cause was issued by Magistrate Judge R. Steven Whalen, giving plaintiff thirty days from the date of the order to explain in writing why his complaint should not be dismissed in this case pursuant to 28 U.S.C. § 1915(g). The order was based upon the fact that a United States District Court had previously dismissed five of plaintiff's cases for being frivolous, malicious, or for failing to state a claim upon which relief can be granted: (1) *Kinard v. Martin,* U.S.D.C. No. 01-

1

*Kinard v. Booker, et. al.,* U.S.D.C. No. 09-14759 CV-166 (W.D. Mich. May 15, 2002)(McKeague, J.); *Kinard v. Gach, et. al.,* U.S.D.C. No. 94-CV-71106 (E.D. Mich. September 14, 1994)(Gilmore, J.); *Kinard v. Wayne County Jail, et. al.,* No. 93-CV-73595 (E.D. Mich. November 4, 1993)(Duggan, J.); *Kinard v. May, et. al.,* U.S.D.C. 88-CV-75121 (E.D. Mich. March 15, 1989)(Suhrheinrich, J.); *aff'd* 885 F. 2d 871 (Table);No. 1989 WL 109444 (6th Cir. September 22, 1989); *Kinard v. Wayne County Sheriff, et. al.,* U.S.D.C. No. 88-CV-72645 (E.D. Mich. July 29, 1989)(Cook, J.).

On January 21, 2010, plaintiff filed an answer to the order to show cause.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997).

Plaintiff has raised a number of objections to the order to show cause. Plaintiff initially contends that his complaint should not be dismissed, because his claims are meritorious. A federal court's determination under 28 U.S.C. § 1915(g) "is not a vehicle for determining the merits of a claim." *Ciarpaglini v. Saini*, 352 F. 3d 328, 331 (7th Cir. 2003). The merits of plaintiff's § 1983 claims are irrelevant to a determination of whether the "three strikes" provision contained in Section 1915(g) bars him from proceeding *in forma pauperis* before this Court. *See Bishop v. Sgt. Dischner,* 16 Fed. Appx. 891, 894 (10th Cir. 2001). "[T]he "three strikes" provision is a filing prerequisite

2

and must be applied whenever it is deemed appropriate under the express terms of the statute, regardless of whether the underlying claims may be meritorious." *Id.* Because the "three strikes" provision contained in Section 1915(g) bars plaintiff from proceeding *in forma pauperis*, this Court cannot address the merits of plaintiff's complaint. *See Butler v. United States,* 53 Fed. Appx. 748, 749 (6th Cir. 2002).

Plaintiff next claims that some of the prior civil actions may have involved cases that were not filed by him. If a prisoner is placed on notice of his potential disqualification under the three strikes provision of § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that the three strikes provision contained in § 1915(g) does not preclude *in forma pauperis* status. *See Andrews v. King,* 398 F. 3d 1113, 1120 (9th Cir. 2005). The federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 Fed. Appx. 483, 485-86 (6th Cir. 2005). This Court obtained the information about plaintiff's prior dismissals from the PACER system and this Court's own website, both of which this Court is entitled to take judicial notice of. *See Mangiafico v. Blumenthal,* 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005); *Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003). Plaintiff has offered this Court no proof that he was not the plaintiff in these five prior actions, so as to establish that these cases should not be used to disqualify him from *in forma pauperis* status.

Plaintiff next claims that the case of *Kinard v. Wayne County Jail, et. al.,* No. 93-CV-73595, should not count as a strike, because he claims that it was not dismissed as

3

*Kinard v. Booker, et. al.,* U.S.D.C. No. 09-14759

frivolous, but was dismissed for failing to establish the names of the parties. A review of the docket entry from Case # 93-CV-73595 establishes that the case was dismissed without prejudice for being frivolous.[1] In the absence of reliable evidence to the contrary, a federal district court should presume the accuracy of a court clerk's docket entries. *See Arnold v. Wood,* 238 F. 3d 992, 995 (8th Cir. 2001). Plaintiff has given this Court no evidence to dispute the accuracy of this docket entry. Moreover, the fact that the case was dismissed without prejudice would not disqualify it from counting as a strike, so long as the case was dismissed for being frivolous. *See McLean v. U.S.,* 566 F. 3d 391, 399-400 (4th Cir. 2009); *O'Neal v. Price,* 531 F. 3d 1146, 1154-55 (9th Cir. 2008)*; Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *See also Williams v. Newell,* 22 Fed. Appx. 581 (6th Cir. 2001)(appeal from a dismissal without prejudice was frivolous and should count as a strike under Section 1915(g)). Finally, even if the Court were to exclude this prior dismissal as a strike, plaintiff still has an additional four prior frivolity dismissals which would count against him under Section 1915(g).

Plaintiff next contends that his prior dismissals should not be counted against him because he should have been held to a less stringent pleading standard because of his *pro se* status and learning disability. Although plaintiff claims that some of these dismissals were improper, he may not relitigate his closed cases at this late date, for purposes of avoiding the provisions of § 1915(g) *See Crawford v. Pearson*, No. 2003 WL 21767532, * 1 (D.C. Cir. July 16, 2003). There is no caselaw "that requires a district

---

[1] *See* U.S.D.C. 93-CV-73595, Dkt. # 3.

court to revisit the merits of a prior dismissal where the only question before the Court is whether the dismissal, on the grounds stated, is a qualifying dismissal under § 1915(g)." *Brown v. Gallegos*, No. 2008 WL 782533, * 1 (N.D. Cal. March 24, 2008).

Plaintiff next claims that he has never been warned about filing frivolous lawsuits. Plaintiff's argument is disingenous. Plaintiff was advised of the frivolity of his prior actions by each district court judge in the orders dismissing these cases. The Sixth Circuit, in affirming the dismissal of the one case that he appealed, indicated that plaintiff's complaint had been properly dismissed because it was frivolous. *Kinard v. May,* 885 F. 2d 871 (Table);1989 WL 109444 (6th Cir. September 22, 1989). In his most recent case, Judge McKeague specifically indicated in his order that the dismissal counted as a strike pursuant to 28 U.S.C. § 1915(g).

Lastly, contrary to plaintiff's assertion, a federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Finally, because plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, he does not fit within the exception to the statutory mandate that prohibits him from proceeding *in forma pauperis* in light of his five prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002).

Plaintiff's complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g). Plaintiff may, however, resume any of the claims dismissed under

*Kinard v. Booker, et. al.,* U.S.D.C. No. 09-14759

§ 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since plaintiff has had five prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

### III. ORDER

IT IS ORDERED that Plaintiff's civil rights complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's "Application to Proceed Without Prepayment of Fees and Costs" is DENIED.

IT IS FURTHER ORDERED AND CERTIFIED that any appeal taken by Plaintiff would not be done in good faith.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: February 8, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 8, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary